Dear Mayor Copeland:
I am in receipt of your request for an Attorney General's opinion concerning the acceptance and attendance of children from Adams County, Mississippi to public schools within Concordia Parish. You state that the out-of-state children obtain entrance into the Concordia Parish Public Schools by the use of a document known as a "Provisional Custody by Mandate" as provided in LSA-R.S. 9:951.
You also state that for each student enrolled in the Concordia Parish School System, the School Board receives approximately $2,802.00 from the State of Louisiana, through the Minimum Foundation Program. The balance of the funding for the education of the students is provided by local and federal taxes.
You request an Attorney General's opinion concerning the following issues:
 1) Is the policy of the Concordia Parish School Board accepting out-of-state children through the use of a Provisional Custody by Mandate (LA R.S. 9:951, et seq) legal?
 2) Does the Concordia Parish School Board have to accept a non-resident child as a student to the School Board if the student presents a properly executed Provisional Custody by Mandate naming a Louisiana resident as Tutor?
 3) Is it legal for the Concordia Parish School Board to expend State, Federal and local tax dollars for the education of non-resident children attending Concordia Parish schools through the use of the Provisional Custody by Mandate?
 4) Is the use of the "Provisional Custody by Mandate" for a Mississippi child to obtain an education in the State of Louisiana a violation of any Louisiana statute or regulation?
LSA-R.S. 9:951 states the following concerning a provisional custody by mandate:
 A. Parents acting jointly or, in the event of divorce, or separation from bed and board, or illegitimacy, the natural tutor, tutrix, or cotutors acting jointly, may authorize any person of legal age to provide for the care, custody, and control of a minor child.
 B. For purposes of this Chapter, any person who could qualify as a natural tutor, tutrix, or cotutor pursuant to Section 2 of Chapter 1 of Title VIII of Book I of the Louisiana Civil Code may confer provisional custody by mandate of a child lawfully within his care, custody, and control, although he has not judicially qualified for the office of natural tutor, tutrix, or cotutor.
LSA-R.S. 9:953 specifies the functions, powers and duties that may be given to an agent that has provisional custody of a child. Section (2) of that statute includes the power to "[e]nroll the child in such schools or educational institutions as may be deemed necessary for his due and proper education".
LSA-R.S. 9:952(A) states that:
 The mandate of provisional custody shall be effective for the duration of time provided therein, but in no case shall it exceed one year from date of execution.
LSA-R.S. 17:104.1, states the following in reference to the authority local school boards have when a provisional custody by mandate is in effect.
 A mandate of provisional custody for the care, custody and control of a minor child pursuant to R.S. 9:951 through 954 shall in no way limit the authority and responsibility of a city or parish school board to provide for the assignment, transfer, and continuance of pupils among and within the public school within its jurisdiction or on the authority of a board to prescribe rules and regulations pertaining to these functions, including but not limited to the determination of student residency for school attendance and school transportation purposes.
Initially, it should be noted that your queries repeatedly characterize the children at issue as "out-of-state" or "non-resident." This characterization is not accurate. The law concerning mandate quoted above, states that "custody" is conferred. In other words, while the children at issue may have resided out of state prior to the mandate, as custody is conferred to a Louisiana resident by the act of mandate, the children can not in fact be accurately characterized as being "out-of-state" or "non-resident" after the mandate is signed.
In response to your first question, if it is the policy of the Concordia Parish School Board to accept children through the use of a Provisional Custody by Mandate, it appears to be legal. As stated in LSA-R.S. 17:104.1, it is the responsibility of the School Board within a given parish to determine a student's residency for school attendance and school transportation purposes. If a child is in fact residing in Concordia Parish pursuant to a properly executed mandate of provisional custody, then that child should be assigned to attend the appropriate school within that district. Please note that Louisiana law does not provide authority for a school board to violate any pending federal court order. This response assumes that there is no violation of any pending federal court order.
In response to your second question, the Concordia Parish School Board has to accept a child as a student to the School Board if the student is actually living in Concordia Parish and a properly executed Provisional Custody by Mandate naming a resident of Concordia Parish as tutor has been executed. To preclude such a student from receiving an education in Louisiana would require a change in our current legislation session. This response also assumes that there is no violation of any pending federal court order.
In response to your third question, it is legal for the Concordia Parish School Board to expend state, federal and local tax dollars for the education of children attending Concordia Parish Schools by mandate provided the conditions in the paragraph above are met and provided there is no violation of any pending federal court order.
Lastly, it does not appear that the use of a Provisional Custody by Mandate for a Mississippi child to obtain an education in the State of Louisiana is a violation of any Louisiana statute or regulation. As discussed above, Louisiana law does not provide authority for a school board to violate any pending federal court order. I have been informed that a federal court order concerning desegregation is still in effect in Concordia Parish and compliance with that order is required. If the School Board or Superintendent has any reason to believe that the Board's current policy pertaining to accepting students may lead to a violation of a court order then they need to seek the guidance of the Federal Courts. In the event that the Court order cannot be complied with, then the Concordia Parish School Board would be required to modify their policy concerning students that they accept by mandate.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ______________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc